### SCHUMPERT v. SMITH.

The decision of this court in the case of *Herndon* v. *Moore, ante p.* 339, approved.

---

This case was heard in connection with the case of *Herndon* v. *Moore, ante p.* 339, and involved the same questions. The opinion fully states the case.

*Messrs. Moorman & Simkins, J. Y. Culbreath,* for appellants.

*Messrs. Jones & Jones,* contra.

January 9th, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This case was heard in connection with that of *Herndon* v. *Moore,* just decided, *ante p.* 339. That was an action to validate proceedings in partition before a Probate Court, and this is the counterpart of it—to ignore entirely such proceedings as void and partition the lands anew—but the principles announced in that case must be conclusive of this, except in so far as the facts may differ.

The facts of this case are as follows: Elisha K. Schumpert, of Newberry, died intestate, leaving distributees—a widow, Mattie, now the wife of Smith, and children, William F. Schumpert, Harriet M. Moseley, Beaureguard S. Schumpert, John E. Schumpert, Franklin E. Schumpert, Frederick L. Schumpert and James C. Schumpert. Some of these are minors, but which does not appear. The intestate died seized and possessed of lands, and it seems that it is probable the personal assets will not be sufficient to pay the debts of his estate.

However that may be, the appellant, William F. Schumpert, filed a petition in the Probate Court of Newberry county, to partition the lands among the distributees, of whom he was one. In order to effect partition, the judge of Probate ordered the lands sold, and accordingly they were sold on sales day in November, 1878, in three separate tracts, upon the terms one-third cash and the remainder in two equal annual installments, secured by bond and mortgage of the premises sold. The plaintiff bid off tract No. 1, Benjamin F. Nickols took No. 2, and Brown & Moseley No. 3. Brown & Moseley and Nichols, respectively, complied with the terms of sale, paid the cash installment into the Probate Court, and were let into the possession of the lands purchased by them. William F. Schumpert did not comply with the terms of sale as to the tract of land purchased by him.

The matter stood in this condition when this court decided the case of *Davenport* v. *Caldwell,* 10 *S. C.* 317, holding that the act of the legislature passed in September, 1868, purporting to give to the Probate Court jurisdiction to partition lands, was unconstitutional and void. Whereupon, in September, 1879, William F. Schumpert, the plaintiff, who had been the actor also in the Probate proceedings, instituted this action in the Court of Common Pleas, to partition the lands anew, simply reciting the former proceedings before the Probate Court, and proposing to ignore and disregard them as absolutely void. The heirs, as well as the administrator of the intestate, were made parties, as also the purchasers at the Probate sales. The widow, Mattie (now Smith), answered, concurring in the prayer of the complaint for a new partition. The guardian *ad litem* of the infant defendants submitted their rights, and the purchaser, Nickols, resisted the new partition and insisted that he should not be disturbed in the possession of lands which he had purchased *bona fide* at a judicial sale for full value, and had paid the purchase-money and made improvements thereon.

The case was heard by Judge Wallace, who ordered the complaint to be dismissed. From this order William F. Schumpert and Mrs. Smith, and the infant defendants, by their guardian, James Y. Culbreath, Esq., appeal to this court upon the follow-

ing ground: "Because the presiding judge erred in dismissing the complaint for the reason, as he stated, that the sale of the land made by the Probate judge was a good and valid sale, as shown by the facts set forth in the pleadings."

This court has just held, in the case of *Herndon* v. *Moore, ante* p. 339, "that proceedings for partition regularly had in the Probate Court prior to November 27th, 1878, when the judgment in the case of *Davenport* v. *Caldwell* was filed, should be held binding upon all the parties concerned." That judgment is conclusive of this case, and reference is made to it, without repeating here the grounds upon which it was placed.

The judgment of this court is that the judgment of the Circuit Court be affirmed.

Chief Justice SIMPSON and Associate Justice McIVER concurred in the result.